UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARCEL ROUNDTREE, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 1:10-CV-230 RM ) |
| WARREN W. KRUEGER, VALLERY J. KRUEGER, JUDGE RICHARD A. DAILEY, JAMES W. PAYNE, STEVEN BRUCE, and JUDGE DONALD L. DANIEL, | ) ) ) ) ) ) ) |
| Defendants | ) |

OPINION and ORDER

This cause is before the court on the defendants' motions to dismiss Marcel Roundtree's claims against them. Mr. Roundtree has alleged, pursuant to 42 U.S.C. § 1983, violations of "various federal and state constitutional rights". Despite being advised of his obligation to respond to the motions, Mr. Roundtree hasn't filed a response to any of the motions, and the time doing so has passed. The court concludes that the each of the motions must be granted.

Under Federal Rule of Civil Procedure 8(a), a complaint must set forth a "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When challenged by a motion to dismiss, the complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Reger

Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the issue in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

*Defendant Steven Bruce*

Steven Bruce asks the court to dismiss Mr. Roundtree's claims against him based on his argument that as a private attorney, he isn't a state actor and never acted under color of state law with regard to Mr. Roundtree. According to Mr. Bruce, Mr. Roundtree's complaint "appears to be no more than an improper use of the court system to personally attack a lawyer for reasons unknown." Deft. Memo., at 7.

While Mr. Roundtree has named Steven Bruce as a defendant, his complaint contains no allegations about any actions Mr. Bruce took or didn't take. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color

of state law." Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). Even a liberal reading of Mr. Roundtree's complaint shows that he hasn't alleged that Mr. Bruce deprived him of any constitutional right or that Mr. Bruce acted individually or in concert with others under color of state law; neither has Mr. Roundtree challenged Mr. Bruce's claim that as a private attorney, he isn't a state actor. *See* Reid v. Boggs Law Firm, No. 6:10-1476, 2010 WL 2991669, at *2 (D.S.C. Jun. 15, 2010) ("[I]t is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel."); Walton v. Claybridge Homeowners Assoc., Inc., No. 1:07-CV-1484, 2009 WL 700225, at *5 (S.D. Ind. Mar. 16, 2009) ("Private attorneys do not act under color of state law in representing their clients in civil or even in criminal matters."). Mr. Roundtree hasn't set forth any allegations against Mr. Bruce that would entitle him to relief under 42 U.S.C. § 1983, so Mr. Bruce's motion to dismiss must be granted.

*Defendants Warren Krueger and Vallery Krueger*

Warren and Vallery Krueger seek dismissal of Mr. Roundtree's claims against them, arguing, first, that allegations against them can't be discerned from the complaint; second, the Rooker-Feldman doctrine bars any claims Mr. Roundtree may have against them relating to their custody of the minor child; and, lastly, they are private citizens, not state actors, who took no action "under

color of state law" that would make them liable to Mr. Roundtree under 42 U.S.C. § 1983.

To recover for damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal involvement in the alleged constitutional deprivation. Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010). Mr. Roundtree named Warren and Vallery Krueger as defendants, but his complaint contains no allegations of any actions taken by the Kruegers that resulted in the loss of his constitutional rights. Even a liberal reading of Mr. Roundtree's complaint shows that he hasn't alleged any personal actions or involvement by the Kruegers that could result in liability under § 1983.

Mr. Roundtree's claims are difficult to understand, but they appear to relate to state court proceedings in more than one Indiana state court. If Mr. Roundtree is complaining about the state court proceedings that resulted in an award of custody of the minor child to the Kruegers, his remedy is with the appropriate state court of appeals. A litigant dissatisfied with a state tribunal's decision must appeal that decision rather than file an independent suit in federal court. Alpern v. Lieb, 38 F.3d 933, 934 (7th Cir. 1994). "If the injury alleged resulted from the state court judgment itself, the Rooker-Feldman doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir. 1999). To the extent Mr. Roundtree is asking this court to review a state court proceeding or judgment, his claim is barred under the

4

Rooker-Feldman doctrine. Taylor v. Federal Nat. Mortg. Ass'n, 374 F.3d 529, 533 (7th Cir. 2004) ("if the plaintiff could have raised the issue in state court proceedings, the claim is barred under the Rooker-Feldman doctrine").

Lastly, Mr. Roundtree hasn't challenged the Kruegers' claim that they aren't state actors and none of their actions relating to the child custody proceedings were taken under color of state law. "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials. And although private persons may also be sued under § 1983 when they act under color of state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful." London v. RBS Citizens, N.A., 600 F.3d 742, 746 (7th Cir. 2010) (internal citations and quotations omitted). Mr. Roundtree hasn't alleged that the Kruegers acted under color of state law or that they "reached an understanding [with state officials] to deprive [him] of his constitutional rights" and "were willful participants in joint activity with the state or its agents" as would be necessary for liability under § 1983. Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir. 2000). Because Mr. Roundtree hasn't set forth any facts that would support a finding that the Kruegers could be liable to him under § 1983, their motion to dismiss must be granted.

*Defendants Donald Daniel, Richard Dailey, and James Payne*

Tippecanoe Circuit Court Judge Donald Daniel, Delaware Circuit Court Judge Richard Dailey, and James Payne, Director of the Indiana Department of Child Services, seek dismissal of Mr. Roundtree's claims against them. Judges Daniel and Dailey argue that as judges, they are entitled to absolute judicial immunity, and Director Payne argues that he can't be liable under 42 U.S.C. § 1983 because he had no personal involvement in any actions or decisions relating to Mr. Roundtree or his child.

The doctrine of absolute judicial immunity provides that judges aren't liable for damages in civil actions "unless they have acted in the clear absence of jurisdiction. Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." Brokaw v. Mercer County, 235 F.3d 1000, 1015 (7th Cir. 2000) (*citing* Stump v. Sparkman, 435 U.S. 349 (1978)).

Mr. Roundtree's complaint names Judge Daniel and Judge Dailey as defendants, but the complaint contains no allegations specific to either judge. Judges Daniel and Dailey say that the actions of which Mr. Roundtree complains – removal of a child, termination of parental rights, and approval of the adoption of the child – were actions performed in their judicial capacities, and Mr. Roundtree hasn't come forward with any argument to the contrary. Any actions of Judges Daniel and Dailey relating to child custody proceedings were of a judicial nature warranting immunity. *See* Forrester v. White, 484 U.S. 219, 229

6

(1988) ("it [is] the nature of the function performed, not the identity of the actor who performed it," that controls the degree of immunity given to the function); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Judges . . . are absolutely immune from suit for actions taken within the scope of their duties."). Even if some decision by Judge Daniel or Judge Dailey relating to Mr. Roundtree was erroneous (and this court needn't decide whether they were), such an error wouldn't deprive either judge of immunity for conduct made within his judicial discretion. *See* Forrester v. White, 484 U.S. at 226-227 ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Judge Daniel and Judge Dailey are, thus, absolutely immune from suit, and the claims against them must be dismissed.

Mr. Payne says that even if the Indiana Department of Child Services (which he heads) didn't fully investigate, as Mr. Roundtree has alleged, the complaint contains no allegations of any personal involvement by him. Even as Director of the Indiana Department of Child Services, James Payne may be liable under § 1983 only if he "had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." J.H. ex rel. Higgin v. Johnson, 346 F.3d 788, 793 (7th Cir. 2003). Mr. Roundtree hasn't alleged that Director Payne was personally involved in any investigation, that Director Payne directed any investigation, or that Director Payne consented to a less than full investigation of any circumstances relating to or involving Mr. Roundtree. *See*

Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."). Thus, Director Payne is entitled to have Mr. Roundtree's claims against him dismissed.

*Conclusion*

Based on the foregoing, the court GRANTS the motion to dismiss of defendant Steven Bruce [docket # 19], GRANTS the motion to dismiss of defendants Warren and Vallery Krueger [docket # 22], and GRANTS the motion to dismiss of defendants Richard Dailey, James Payne, and Donald Daniel [docket # 28]. Mr. Roundtree is AFFORDED twenty days from the date of this order to request leave to file an amended complaint; if no amended complaint is filed, the Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED:   September 28, 2010

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: M. Roundtree
　　E. Searle/S. Meyer
　　L. Bowker/C. Gilchrist
　　P. Kalamaros