UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MARCEL ROUNDTREE,               )
                                )
                Plaintiff       )
                                )
        vs.                     )        CAUSE NO. 1:10-CV-230 RM
                                )
WARREN W. KRUEGER,              )
VALLERY J. KRUEGER,             )
JUDGE RICHARD A. DAILEY,        )
JAMES W. PAYNE, STEVEN BRUCE,   )
and JUDGE DONALD L. DANIEL,     )
                                )
                Defendants      )


OPINION and ORDER

On September 28, 2010, the court dismissed Marcel Roundtree's complaint

in its entirety and gave him twenty days to file an amended complaint. Mr.

Roundtree filed his amended complaint on October 19[1] pursuant to 42 U.S.C. §

1983, naming the same defendants as those named in his original complaint and,

as in his original complaint, alleging that his federal and state constitutional

rights were violated. The defendants have filed motions to dismiss the amended

complaint and notices to Mr. Roundtree about his obligation to respond. Mr.

Roundtree didn't respond to any of the dismissal motions, but instead filed a

document entitled, "Verified Petition for Belated Appeal, Motion for Pauperis

Counsel to Perfect Appeal Complaint," in which he asks permission to file an

---

[1] Mr. Roundtree's amended complaint was timely filed pursuant to Federal Rule of Civil
Procedure 6(d), so the defendants' motions to strike the amended complaint on untimeliness
grounds will be denied.

amended complaint and the court to appoint counsel to represent him in this matter.

> Under Federal Rule of Civil Procedure 8(a), a complaint must set forth a "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When challenged by a motion to dismiss, the complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the issue in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. at 236).

Op. and Ord. (Sept. 28, 2010), at 1-2.

Mr. Roundtree's amended complaint doesn't comply with Rule 8(a) in that it doesn't set forth a plain statement of his claims. Much of the language of the amended complaint is taken from the court's September 28 Opinion and Order, but reciting that language doesn't constitute a statement of claims against any of the defendants. And, as the court noted in its previous Opinion and Order, to the extent Mr. Roundtree is challenging child custody proceedings that took place in one or more Indiana state courts, "his remedy is with the appropriate state court of appeals. A litigant dissatisfied with a state tribunal's decision must appeal that decision rather than file an independent suit in federal court. 'If the injury alleged

resulted from the state court judgment itself, the <u>Rooker-Feldman</u> doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional.'" Op. and Ord. (Sept. 28, 2010), at 4 (*quoting* <u>Long v. Shorebank Dev. Corp.</u>, 182 F.3d 548, 555 (7th Cir. 1999)).

Mr. Roundtree references the names of defendants Steven Bruce, Warren Krueger, and Vallery Krueger in his amended complaint, but, as in his original complaint, none of Mr. Roundtree's statements or allegations, if proven, would establish that Steven Bruce, Warren Krueger, or Vallery Krueger were state actors who deprived him of any constitutional right or acted in concert with others under color of state law. *See* <u>London v. RBS Citizens, N.A.</u>, 600 F.3d 742, 746 (7th Cir. 2010) ("[A]lthough private persons may [] be sued under § 1983 when they act under color of state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful."); <u>Reid v. Boggs Law Firm</u>, No. 6:10-1476, 2010 WL 2991669, at *2 (D.S.C. Jun. 15, 2010) ("[I]t is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.").

Mr. Roundtree names Judge Richard Dailey and Judge Donald Daniel as defendants in his amended complaint, but the amended complaint contains no allegations of any specific actions taken by those judges. To the extent Judges Dailey and Daniel might have performed duties in the child custody proceedings referenced in the amended complaint, such actions were judicial in nature,

entitling them to absolute judicial immunity. *See* <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967) ("Judges . . . are absolutely immune from suit for actions taken within the scope of their duties.").

Mr. Roundtree also names James Payne as a defendant, but his amended complaint, like his original complaint, contains no allegations of personal involvement or wrongdoing by Mr. Payne. As the court previously noted, Mr. Payne can be liable under 42 U.S.C. § 1983 "only if he 'had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct.'" Op. and Ord. (Sept. 28, 2010), at 7 (*quoting* <u>J.H. ex rel. Higgin v. Johnson</u>, 346 F.3d 788, 793 (7th Cir. 2003)); *see also* <u>Minix v. Canarecci</u>, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation.").

Mr. Roundtree's amended complaint contains no allegations of any actions by defendants Steven Bruce, Warren Krueger, Vallery Krueger, or James Payne that violated his constitutional rights, nor does the amended complaint contain any allegations of non-judicial actions taken by Judge Richard Dailey or Judge Donald Daniel that would entitle Mr. Roundtree to relief under 42 U.S.C. § 1983. The defendants are entitled to have Mr. Roundtree's claims against them dismissed.

Because Mr. Roundtree's amended complaint doesn't satisfy the requirement of Federal Rule of Civil Procedure 8(a) that the complaint "contain a short and plain statement of the claim showing that [he] is entitled to relief," and

the amended complaint doesn't state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), the court GRANTS the motion to dismiss of Steven Bruce [docket # 34], GRANTS the motion to dismiss of defendants Warren and Vallery Krueger [docket # 37], and GRANTS the motion to dismiss of defendants Richard Dailey, Donald Daniel, and James Payne [docket # 41].

Based on the dismissal of the amended complaint, the court DENIES Mr. Roundtree's motion for belated appeal [docket # 44] as follows:

(a) his request to file an amended complaint is denied as not in compliance with Rule 15.1 of the Local Rules of the United States District Court for the Northern District of Indiana, which requires that the proposed amended pleading be attached to the motion;

(b) his request for appointment of counsel is denied because his claims against all defendants have been dismissed; and

(c) to the extent Mr. Roundtree is attempting to file an appeal, his attention is directed to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

SO ORDERED.


ENTERED:     December 1, 2010


    /s/ Robert L. Miller, Jr.
Judge, United States District Court